In the Matter of JOHN F. CRONIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 15, 1959.

*Frank H. Gordon* for petitioner.

*Irving J. Roth* for respondent.

*Per Curiam.* Five charges of professional misconduct were brought against respondent in the original and supplemental petitions. The Referee found that none of the three substantive charges had been sustained, but that nevertheless the respondent had willfully and inexcusably disregarded repeated requests by the Bar Association to attend a hearing called by the Grievance Committee to investigate some of the charges and that he had contemptuously ignored a subpœna issued by this court. Contrary to the findings of the Referee, all five charges should be sustained and the respondent should be censured.

The testimony with respect to all five of the charges presents a picture of an irascible and opinionated man who either ignored the interests of his clients, or, on the other hand, exceeded professional proprieties. In one instance, respondent was guilty of overreaching a client in that he agreed to accept a $200 fee to accomplish the release of her son from a State mental hospital, when he knew or should have known that he could do little or nothing in her behalf. In another instance, respondent failed to prosecute effectively a matrimonial action on behalf of one of his clients, although he had received compensation for his services. After having incurred difficulty in locating the original process server, respondent failed to take any further action in the case and failed to co-operate with his client's new attorney. Yet, in another instance, in an excess of zeal, he retailed to a regulatory agency unsupported scandal against a client's competitor. Respondent too easily accepted the neighborhood gossip concerning the competitor's prior difficulties with Federal and State liquor authorities. The facts hardly sustained the serious charges made in his letters to the agency.

At the hearing, respondent's testimony was marked by inaccuracies and obvious falsehoods. His conduct, in refusing to honor the requests of the Committee on Grievances and the subpœna issued under the seal of this court, was inexcusable.

Respondent's guilt with respect to all five of the charges is established. The improprieties with which he is charged are, however, evidently the result of physical and mental deterioration. They come after a long and previously unblemished career of 40 years at the Bar. But for these mitigating factors, severe discipline would be merited; as it is, his acts are the product of

bad judgment and ill health rather than of any designed malfeasance.

Accordingly, respondent should be censured.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and BASTOW, JJ., concur.

Respondent censured.